UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNTECK TRANSPORT COMPANY, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>TCSL, INC.,<br><br>        Defendant. | No. 2:19-cv-2364-TLN-EFB<br><br><br>ORDER |

       This case is before the court on plaintiff Sunteck Transport Company, LLC's motion for default judgment against defendant TCSL, Inc. ECF No. 7.[1]  As explained below, the record does not demonstrate that defendant was properly served with a copy of the summons and complaint. Accordingly, plaintiff's motion for default judgment is denied without prejudice to renewal and the entry of defendant's default is vacated.

       Shortly after commencing this action, plaintiff filed a certificate of service stating that it attempted to complete service on defendant's authorized agent for service, Peter Svit, by substitute service. ECF No. 7.  More specifically, the certificate of service states that on November 27, 2019, a process server delivered a copy of the summons and complaint, as well as

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

other documents issued by the court, to "Andrew 'Doe,'" the "Person in Charge," at 3033 I Street, North Highlands, California. *Id*. at 2. Thereafter, the process server mailed a copy of the documents to Mr. Svit at the same address.

The California Secretary of State's website shows that at the time service was purportedly completed, the address for defendant's authorized agent was not 3033 I Street, North Highlands.[2] Instead, Mr. Svit's address was 7625 Sunrise Blvd., Suite 207, Citrus Heights, California.[3] Thus, plaintiff failed to properly serve defendant in accordance with California law. *See* Fed. R. Civ. P. 4(g) & 4(e)(1) (permitting a corporation to be served in accordance with state law); Cal. Civ. Proc. Code § 415.20(a) ("In lieu of personal delivery of a copy of the summons and complaint" to the authorized agent, "a summons may be served by leaving a copy of the summons and complaint . . . at [the agent's] usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail" to the agent.).

Consequently, the entry of defendant's default must be set aside and plaintiff's motion for default judgment must be denied. *Hale v. Evidencia Display*, 2015 WL 4624881, at *2 (C.D. Cal. Aug. 3, 2015) ("Entry of default must be set aside if the defendant was not served properly."); *see also Direct Mail Specialist, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). The denial of plaintiff's motion is without prejudice to renewal upon properly serving defendant, its failure to timely respond to the complaint in accordance with the Federal Rules of Civil Procedure, and the Clerk's entry of its default.

---

[2] The court takes judicial notice of defendant's entity profile from the California Secretary of State's website. Fed. R. Evid. 201; *see Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033 34 (C.D. Cal. 2015) (taking judicial notice of business entity profile from the California Secretary of State's website).

[3] The California Secretary of State's website reflects that in October 2018, prior to this action being filed, defendant's agent for service changed his address from the North Highlands address to the Citrus Heights address. However, just a few months ago, defendant filed a statement with the California Secretary of State, reflecting that Mr. Svit's current address is 71 Seraspi Court, Sacramento, California.

Accordingly, it is hereby ORDERED that:

1. The July 15, 2020 hearing on plaintiff's motion for default judgment is vacated;

2. The Clerk's February 11, 2020 entry of defendant's default is vacated;

3. Plaintiff's motion for default judgment (ECF No. 7) is denied without prejudice to renewal upon properly serving defendant, its failure to timely respond to the complaint, and the entry of its default.

DATED: July 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE