UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUNTECK TRANSPORTATION COMPANY, LLC,

Plaintiff,

v.

TCSL, INC.,

Defendant.

No. 2:19-cv-02364-TLN-JDP

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT BE GRANTED

ECF No. 14

OBJECTIONS DUE WITHIN 14 DAYS

Plaintiff Sunteck Transportation Company, LLC, brings this action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which governs the liability of freight carriers. ECF No. 1 at 2. Plaintiff claims that it entered into an agreement with defendant TCSL, Inc. on November 8, 2016, under which defendant agreed to perform transportation services for Sunteck. ECF No. 1 at 3. On or about July 6, 2018, pursuant to the agreement, TCSL picked up four shipments of fresh lamb in Dominguez Hills, California, for delivery to consignees in Illinois, Ohio, and Indiana. *Id.* TCSL was required, per the agreement, to keep the cargo at 30 degrees Fahrenheit during transport. *Id.* The shipments were ultimately rejected by their respective consignees because each shipping container exceeded 30 degrees Fahrenheit. *Id.*

On February 10, 2020, Sunteck requested an entry of default, ECF No. 5, and the clerk entered default the following day, ECF No. 6. On June 9, 2020, plaintiff filed its first motion for default judgment, ECF No. 7, which was denied on July 13, 2020, due to plaintiff's failure to adequately serve defendant, ECF No. 8. After plaintiff perfected service, *see* ECF No. 9, the clerk, upon motion from plaintiff, *see* ECF No. 11, again entered default. Plaintiff filed the instant renewed motion for default judgment on November 6, 2020 in the amount of $51,120.01 ($25,397 in direct damages, $3,169.15 in prejudgment interest, $21,772.50 in attorneys' fees, and $781.36 in costs). ECF No. 14. TCSL has not responded to the complaint or otherwise appeared to defend this action. This court held a hearing on December 17, 2020, but only plaintiff's counsel appeared. Because defendant was properly served, and because relevant discretionary factors favor default judgment, I recommend that plaintiff's motion be granted for the full amount—$51,120.01.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 55(a), default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to defend against the action. *See* Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a party that has defaulted. *See* Fed. R. Civ. P. 55(b)(2). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). The decision to enter judgment against a defaulting party is "discretionary," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980), and the court considers several factors before granting default judgment.

When a plaintiff moves for default judgment, plaintiff first must show adequate service. *See United States v. 4268 Los Angeles Ave. Simi Valley California 93063*, 672 F. App'x 770 (9th Cir. 2017) ("A default judgment must be set aside if the court lacked jurisdiction over the defendants due to insufficient service of process."). If service of process is deemed sufficient under Federal Rule of Civil Procedure 4, the court then considers a number of factors in assessing the appropriateness of default judgment, including: (1) possible prejudice to the plaintiff; (2) the

merits of plaintiff's claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a factual dispute; (6) whether the default was potentially due to excusable neglect; and (7) the general policy that cases be decided on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

While default judgments are ordinarily disfavored, *id.* at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)), when courts apply the discretionary standard provided in *Eitel*, "default judgments are more often granted than denied." *Phillip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Once the clerk enters default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here, plaintiff served Peter Svit, TCLS's authorized agent in the state of California, at the address reflected in the California Secretary of State's records,[1] thereby perfecting service on defendant. *See* Fed. R. Civ. P. 4(h)(1)(A) (allowing a plaintiff to serve a corporate defendant "in the manner prescribed by Rule 4(e)(1) for serving an individual"); Fed. R. Civ. P. 4(e)(1) (permitting service in accordance with state law); Cal. Civ. Proc. Code § 415.10 (deeming service complete upon the personal delivery of a copy of the summons and of the complaint). The clerk of court properly entered a default on August 17, 2020. *See* ECF No. 12.

Next, I consider the *Eitel* factors, listed above, which, considered together, favor granting default judgment in this case. Generally, beyond being granted default judgment, a plaintiff has no means of recovery against a defaulting defendant and would be prejudiced if it were not entered. *See Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).

Plaintiff's complaint states a claim that—accepting the allegations therein as true—appears meritorious. The claim is as follows: pursuant to an agreement between the parties, "TCSL picked up four shipments of fresh lamb on or about July 6, 2018 in Dominguez Hills,

---

[1] This court takes judicial notice of defendant's entity profile from the California Secretary of State's website. On the profile, Mr. Svit's address is listed as 71 Seraspi Court, Sacramento, CA—this is the address at which Mr. Svit was served by plaintiff. *See* ECF No. 9.

California" for delivery to consignees in Illinois, Ohio, and Indiana. ECF No. 1 at 3. TCSL was required to transport these perishable goods while maintaining them "at a constant temperature of 30 degrees Fahrenheit." *Id.* Despite being dispatched to defendant's custody in good condition, "[e]ach shipment was rejected by consignees because the temperature in each of the shipping containers exceeded 30 degrees Fahrenheit." *Id.* at 3-4. As a result, plaintiff's customer "suffered a loss of $25,397.22 due to the spoliation" as well as litigation expenses due to defendant's breach and accrued interest. *Id.* at 4-5. Plaintiff alleges that the agreement renders defendant liable to plaintiff for the full value of the spoiled goods. *Id.* at 6.

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims. Here, the court may assume the truth of well-pleaded facts in the complaint, *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), excluding damages allegations, following the clerk's entry of default; the possibility of a factual dispute is low. *See Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Upon review of the record, the court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Plaintiff personally served defendant's authorized agent on July 15, 2020. ECF No. 9. And the order of entry of default entered by the Secretary reflects that defendant was served with process but failed to respond appropriately. These circumstances support the conclusion that defendant has chosen not to defend itself in this action, and that default did not result from excusable neglect.

*Eitel* does make clear that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. But, standing alone, this preference for resolution on the merits should not bar default judgment when a defendant has failed to appear and defend itself. *See PepsiCo, Inc.*, 238 F. Supp. 2d 1177. With no appearance from the defendant despite ample opportunity to do so, a decision on the merits is unworkable. The *Eitel* factors thus weigh in

favor of a default judgment against the defendant.

As for damages, the Carmack Amendment establishes that the carrier "providing transportation or service" is "liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1); *see also Pac. Indem. Co. v. Atlas Van Lines, Inc.*, 642 F.3d 702, 710 (9th Cir. 2011) ("The Carmack Amendment imposes strict liability upon receiving carriers and delivering carriers."). As sufficiently stated in the complaint, defendant is liable for the direct loss of $25,397.22 resulting from defendant's breach in negligently transporting the goods in question. *See* ECF No. 1 at 5. Plaintiff also seeks to recover pre-judgment interest in the amount of $3,169.15 following its series of computations using the Florida interest rate of 5.37%.[2] *See* ECF No. 14-1 at 9.

The parties also agreed in their contract that, should a dispute arise, the prevailing party is entitled to recover costs, expenses, and reasonable attorneys' fees. ECF No. 14-3 at 6-7. Plaintiff requests attorneys' fees in the amount of $21,772.50 and costs in the amount of $781.36. *See* ECF No. 14-1 at 10. Plaintiff filed with its motion affidavits in support of these figures showing expenses incurred throughout this case and attesting to the nature and amount of work performed by plaintiff's counsel. *See* ECF Nos. 14-11; 14-12. (Plaintiff does not, however, seek any fees or costs associated with its failed first attempt at requesting this court to grant plaintiff default judgment.)

The total amount requested in judgment—$51,120.01—appears reasonably to reflect the sum of damages, interest, costs, and attorney's fees. *See* ECF No. 14.

---

[2] The court takes judicial notice of Florida's Department of Financial Services, Division of Accounting and Auditing webpage (https://www.myfloridacfo.com/division/aa/localgovernments/current.htm), which provides the state's judgment interest rates. According to this webpage, the interest rate was 5.37% at the time plaintiff filed the present motion for default judgment.

**FINDINGS AND RECOMMENDATIONS**

I recommend that plaintiff's motion for a default judgment be granted in the amount of $51,120.01, that judgment be entered against defendant, and that the clerk be directed to close this case.

These recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: June 8, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE