UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNTECK TRANSPORTATION COMPANY, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TCSL, INC.,<br><br>　　　　　Defendant. | Case No. 2:19-cv-02364-TLN-JDP<br><br>**ORDER**<br><br>DIRECTING PETER SVIT TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH COURT ORDERS |

　　　In August 2021, the court entered default judgment against defendant in the amount of $51,120.23. ECF Nos. 18 & 19. After judgment was entered, Peter Svit, defendant's Chief Executive, was ordered to provide testimony and produce documents at a judgment debtor examination ("JDE"). ECF No. 26. Mr. Svit appeared without counsel at the JDE, but he did not bring any documents and provided only limited testimony concerning defendant's finances. Plaintiff then filed a second application for an order directing Mr. Svit to appear at a JDE. ECF No. 34. The court granted that application and ordered Mr. Svit to appear for a JDE on August 24, 2023. Mr. Svit failed to appear at the second JDE, and plaintiff subsequently filed a motion for an order finding Mr. Svit in contempt for failure to comply with the court's orders and requiring him to reimburse plaintiff the attorney's fees it expended in attending the two unsuccessful judgment debtor examinations. ECF No. 39.

1         At the hearing on plaintiff's motion, Mr. Svit appeared with attorney Marcus Wiggins.
2    Mr. Wiggins indicated that he had only recently been asked to represent Mr. Svit, and that he had
3    not yet had an opportunity to review the documents that Mr. Svit was ordered to produce.[1]  He
4    also expressed optimism that, after reviewing documents, he would be able to informally resolve
5    the parties' dispute.  In light of Mr. Wiggins's representations, I deferred ruling on plaintiff's
6    motion and directed the parties to file, within thirty days, status reports addressing Mr. Svit's
7    compliance with the court's orders.

8         Mr. Wiggins has filed a status report, but it does not address the status of Mr. Svit's
9    compliance with the court's orders.  Instead, it merely indicates that Mr. Wiggins has been
10   working to informally resolve the matter.  ECF No. 47.  More recently, Mr. Wiggins filed a notice
11   of proposed resolution to plaintiff's motion for attorney's fees, which states that Mr. Svit "is
12   prepared to resolve this matter with a payment of $9,400."  ECF No. 49.

13        Mr. Wiggins's filings do not address the central issue before the court—Mr. Svit's failure
14   to comply with court orders requiring him to provide testimony and documents related to
15   defendant's finances.  However, given that Mr. Wiggins and Mr. Svit have at least attempted to
16   resolve the instant dispute, the court will grant Mr. Svit one final opportunity to address the status
17   of his compliance with the court's November 18, 2022 and July 24, 2023 orders.

18        Accordingly, it is hereby ORDERED that by no later than August 16, 2024, Mr. Svit shall
19   file a status report that addresses the status of his compliance with the court's November 18, 2022
20   and July 24, 2023 orders.  The report shall include a description of the documents or other
21   financial information that have been provided to plaintiff.[2]

---

[1] At the time of the hearing, Mr. Wiggins had not yet formally appeared as Mr. Svit's counsel of record.  Shortly after the hearing, Mr. Wiggins filed a notice of appearance.  ECF No. 48.

[2] Plaintiff may, but is not required to, file its own status report by August 16, 2024.

2

IT IS SO ORDERED.

Dated: __August 2, 2024__                              _____
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE

3