UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNTECK TRANSPORT COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TCSL, Inc.,<br><br>Defendant. | Case No. 2:19-cv-02364-TLN-JDP<br><br>ORDER, FINDINGS, AND CERTIFICATION RE: CIVIL CONTEMPT<br><br>ECF No. 39 |

This case was before me on December 14, 2023, for hearing on plaintiff's motion for an order finding Peter Svit, defendant's Chief Executive, in civil contempt for failure to comply with the court's November 18, 2022, and July 24, 2023 orders. Those orders required Mr. Svit to provide testimony and produce documents at two judgment debtor examinations. Plaintiff also asks that Mr. Svit be ordered to reimburse the reasonable expenses it incurred due to Mr. Svit's noncompliance with the court's orders.

At the hearing, I informed the parties that I would defer ruling on plaintiff's motion to allow Mr. Svit an opportunity to achieve compliance. More recently, I ordered him to file a status report addressing his compliance. Mr. Svit neither filed a status report nor otherwise demonstrated compliance with the court's November 18, 2022, and July 24, 2023 orders. Accordingly, I find that Mr. Svit is in civil contempt and that coercive sanctions are appropriate to gain his compliance.

**I.      Background**

On August 6, 2021, the court entered default judgment against defendant TCLS, Inc. in the amount of $51,120.23. On November 18, 2022, I issued an order requiring Peter Svit, defendant's CEO, to produce documents and appear for a judgment debtor examination on January 19, 2023. Although Mr. Svit appeared, he did not bring any documents and provided only limited testimony concerning defendant's finances. Plaintiff subsequently filed a motion seeking reimbursement of the attorney fees it incurred in conducting the unproductive examination, ECF No. 33, and an ex parte application requesting that Mr. Svit be ordered to appear again for a judgment debtor examination, ECF No. 34. On July 24, 2024, I granted the application and ordered Mr. Svit to produce documents and to appear for a second judgment debtor examination on August 24, 2023. ECF No. 35. In a subsequent order, I denied plaintiff's motion for fees without prejudice to renewal upon completion of Mr. Svit's judgment debtor examination. ECF No. 36.

In violation of the July 24 order, Mr. Svit neither produced documents nor appeared for the August 24, 2023 judgment debtor examination. Plaintiff subsequently filed the instant motion for an order finding Mr. Svit in contempt, which was before me for hearing on December 14, 2023. ECF No. 39. On December 5, 2023, Mr. Svit belatedly filed a response, which stated that he was trying to resolve the dispute informally and that he intended to appear at the hearing. ECF No. 43. At the hearing, Mr. Svit appeared with attorney Marcus Wiggins, who indicated that he had only recently been asked to represent Mr. Svit and had not yet been formally retained. Nevertheless, Mr. Wiggins expressed optimism that, after reviewing the documents at issue, he would be able to informally resolve the parties' dispute.

In light of Mr. Wiggins's representations, I deferred ruling on plaintiff's motion and directed the parties to file, within thirty days, status reports addressing Mr. Svit's compliance with the court's orders. After formally appearing as defendant's counsel of record, Mr. Wiggins filed a status report. ECF No. 47. His report, however, did not address the status of Mr. Svit's compliance with the court's orders. Instead, it merely stated that Mr. Wiggins had consulted with additional counsel and was exploring defendant's options. *Id.* Then on March 17, 2024, Mr.

Wiggins filed a "notice of proposed resolution for attorney fees," which proposed that Mr. Svit pay $9,400 to resolve the parties' dispute. ECF No. 49.

Significantly, none of Mr. Wiggins's filings addressed the central issue—Mr. Svit's failure to comply with court orders requiring him to provide testimony and documents. Out of an abundance of caution, I granted Mr. Svit one last opportunity to address his failure to comply with the court's November 18, 2022, and July 24, 2023 orders. Accordingly, on August 2, 2024, I ordered him to file, within fourteen days, a status report addressing the status of his compliance with the court's November 18, 2022 and July 24, 2023 orders. ECF No. 51. In violation of that order, Mr. Svit failed to file a status report.[1]

## II.     Legal Standards

"A court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceedings." *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir. 1976). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The purpose of a civil contempt sanction is to coerce the party in contempt to comply with the court's order in the future, with the sanction conditioned on continued noncompliance. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Thus, a party imprisoned for contempt "carries the keys of his prison in his own pocket because civil contempt is intended to be remedial by coercing the defendant to do what he had refused to do." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005); *see Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) ("[T]he ability to purge is perhaps the most definitive characteristic of coercive civil contempt.").

"The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Federal Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). To establish that civil contempt is appropriate, plaintiff must demonstrate "(1) that [Mr. Svit] violated the court order, (2) beyond

---

[1] Plaintiff's counsel filed a status report in which he represented that Mr. Svit has neither provided any documents nor otherwise communicated with plaintiff's counsel. ECF No. 52.

3

1  substantial compliance, (3) not based on a good faith and reasonable interpretation of the order,
2  (4) by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir.
3  2010). Once plaintiff has made this showing, the burden shifts to Mr. Svit to demonstrate that he
4  "took all reasonable steps within his power to insure compliance with" the court's orders. *Hook*
5  *v. Arizona Dept. of Corrections*, 107 F.3d 1397, 1403 (9th Cir. 1997).

6  The district court has considerable discretion in fashioning appropriate sanctions to
7  address contemptuous conduct. *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d
8  1364, 1369 (9th Cir. 1980) ("The choice among the various sanctions rests within the discretion
9  of the district court."); *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980) (The Ninth
10 Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate
11 sentence because of its proximity to the events out of which contempt springs."). In exercising its
12 discretion, a "district court should apply the least coercive sanction (e.g., a monetary penalty)
13 reasonably calculated to win compliance with its orders." *Flores*, 628 F.2d at 527 (quotation
14 omitted).

15 **III.   Discussion**

16 The record demonstrates that Ms. Svit has violated multiple, precise orders to produce
17 documents and to answer questions during two judgment debtor examinations. Although Mr.
18 Svit appeared for the initial examination, held on January 19, 2023, it could not be completed
19 because Mr. Svit did not bring the required documents. ECF No. 33-1 at 3. Mr. Svit then failed
20 to comply with the court's July 24, 2023 order requiring him to produce documents and to appear
21 for a second judgment debtor examination, this time making no appearance. More recently, he
22 failed to comply with the court's August 2, 2024 order requiring him to file a status report—an
23 order that granted him an yet another opportunity to show compliance with the court's November
24 18, 2022, and July 24, 2023. *See* ECF No. 51.

25 Based on the record, I find that clear and convincing evidence demonstrates that Ms. Svit
26 has willfully disregarded at least two court orders—the court's November 18, 2022, and July 24,
27 2023 orders—without reasonable justification. Accordingly, he should be found in civil
28 contempt. *See In re Grand Jury Proceedings*, 801 F.2d 1164, 1166-70 (9th Cir. 1986) (per

4

curiam) (affirming the district court's order of contempt for failure to comply with a subpoena duces tecum); *Baker v. Limber*, 647 F.2d 912, 919 (9th Cir. 1981) ("A judgment-debtor's refusal to answer questions in a Rule 69 proceeding normally would justify a court's exercise of its contempt power.").

In assessing the appropriate amount of a coercive fine, courts "consider the 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanctions.'" *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)). Mr. Svit has demonstrated a willingness to resolve this matter by seeking legal representation and proposing to pay plaintiff approximately $9,400. Although he remains in violation of court orders, this conduct suggests that modest monetary sanctions could prove effective at gaining compliance. Accordingly, I recommend the court impose a daily monetary sanction of $100 for each day Mr. Svit remains in violation of the court's November 18, 2022, and July 24, 2023 orders. *See United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) ("The district court's imposition of a $500 daily fine and payment of the government's costs was well within the range of appropriate sanctions to secure compliance with a tax summons."); *United States v. Gillies*, No. CV-11-3623 CW MEJ, 2013 WL 968244, at *2 (N.D. Cal. Feb. 22, 2013), *report and recommendation adopted*, No. C 11-03623 CW, 2013 WL 968231 (N.D. Cal. Mar. 12, 2013) (recommending coercive sanction of imprisonment after daily fine of $250 failed to gain compliance with court's order); *United States v. Parker*, No. 2:08-cv-01200-LDG-VCF, 2011 WL 5325475, at *3 (D. Nev. Nov. 3, 2011) (ordering the defendant to show cause why he should not be found in civil contempt and subjected to $500 daily fine until he provides responses to discovery requests); *see also United States v. Canul*, No.: 11-CV-01658-LHK, 2014 WL 46771 (N.D. Cal. Jan. 6, 2014) (entering judgment against respondent "in the amount of $62,750, which consists of a monetary civil contempt fine of $250 per day . . . .").

However, "only a district court may hold a party in contempt." *On Command Video Corp. v. LodgeNet Entertainment Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997). Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), when a party's conduct "constitutes a civil contempt, the magistrate

judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." At the hearing, "[t]he district judge shall . . . hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before the district judge." *Id.*

Accordingly, I certify the facts discussed above to the assigned District Judge to determine whether Mr. Svit should be held in contempt and subject to daily monetary sanctions until compliance is achieved.[2]

**IV.   Conclusion**

For the reasons state above, it is hereby ORDERED that:

1. Plaintiff's motion for an order of civil contempt and sanctions, ECF No. 39, is granted in part and denied in part.

2. Peter Svit shall appear before the Honorable Troy L. Nunley on September 19, 2024 at 2:00 p.m. in Courtroom Number 2, to show cause why coercive monetary sanctions should not be imposed for civil contempt until he fully complies with the courts' November 18, 2022, and July 24, 2023 orders.

3. Mr. Svit shall file, by no later than September 5, 2024, any evidence demonstrating that he has purged himself of contempt.

4. Plaintiff may file a response to Mr. Svit's evidence, if any, by September 12, 2024.

---

[2] In its motion, plaintiff does not propose any specific coercive sanctions. Instead, it only requests that plaintiff be ordered to pay it the reasonable costs it incurred in connection with the August 24, 2023 judgment debtor examination. ECF No. 39. The court has discretion to award attorney's fees for civil contempt. *Harcourt Brace Jovanovich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994); *see also Perry v. O'Donnell*, 759 F.2d 702, 704-05 (9th Cir. 1985) (holding that "civil contempt need not be willful to justify a discretionary award of fees and expenses as a remedial measure"). Plaintiff will likely spend additional time and resources in obtaining Mr. Svit's compliance with the court's orders. It is therefore more appropriate to defer assessing the total amount that should be awarded until after contempt proceedings have resolved.

5. Upon completion of these contempt proceedings, plaintiff may renew its request for an award of fees and costs.

IT IS SO ORDERED.

Dated:   August 27, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE